# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Cathy Cannon </br>    *Plaintiff* </br></br> v. </br></br> Cavalry SPV I, LLC </br>    *Defendant* </br> Serve: </br>    The Corporation Trust Co. </br>    Corporation Trust Center </br>    1209 Orange Street </br>    Wilmington, DE 19801 </br></br> Van Ru Credit Corporation </br>    Defendant </br> Serve: </br>    Albert G. Rubin </br>    1350 E Touhy Ave </br>    Suite 300E </br>    Des Plaines, IL 60018 </br></br> J.C. Christensen & Associates, Inc. </br>    *Defendant* </br> Serve: </br>    The Kentucky Secretary of State | Case No. 3:14-CV-42-H |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2.     Like many of her fellow citizens, Plaintiff Cathy Cannon has struggled financially in the wake of the worst economic crisis to hit this country and the world since the Great Depression following the 1929 stock market crash. As result of her struggles, Ms. Cannon unfortunately defaulted on some of her debts. Defendant Cavalry SPV I, LLC ("Cavalry") purchased one of these debts from the original creditor for pennies on the dollar.

3. Defendants Van Ru Credit Corporation ("Van Ru") and J.C. Christensen & Associates, Inc. ("JCC") sent Ms. Cannon a dunning letter on behalf of Cavalry in an attempt to collect a charged-off HSBC/Best Buy credit card debt from her. JCC's dunning letter attempted to collect the full amount of the HSBC/Best Buy debt plus accrued usurious interest to which it had no legal right to accrue and collect on the debt. These and other acts violates the FDCPA.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5. Plaintiff Cathy Cannon is a natural person who resides in Jefferson County, Ky. Ms. Cannon is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry SPV I, LLC, is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. Cavalry is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Cavalry's principal place of business is located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

7. Cavalry regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

8. Defendant Van Ru Credit Corporation is a foreign corporation that has not registered with the Kentucky Secretary of State. Van Ru's principal place of business is located in Des Plaines, Illinois 60017

9. Van Ru regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

10. Defendant J.C. Christensen & Associates, Inc. is a foreign corporation that has not registered with the Kentucky Secretary of State. JCC's principal place of business is located at 200 14th Ave E, Sartell, MN 56377.

11. JCC regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

12. On August 7, 2013, Van Ru sent Ms. Cannon a dunning letter on behalf of Cavalry.

13. Van Ru's dunning letter states that Van Ru was attempting to collect a charged-off credit card debt originated by HSBC Bank Nevada, N.A./Best Buy. (A copy of Van Ru's dunning letter is attached as Exhibit "A").

14. On December 5, 2013, JCC sent Ms. Cannon a dunning letter on behalf of Cavalry.

15. JCC's dunning letter states that JCC was attempting to collect a charged-off credit card debt originated by HSBC Bank Nevada, N.A./Best Buy. (A copy of JCC's dunning letter is attached as an Exhibit "B").

16. Ms. Cannon recalls having an HSBC/Best Buy credit card.

17. Ms. Cannon used her HSBC/Best Buy credit card to purchase goods and services used only for personal, family or household purposes, which makes the HSBC/Best Buy credit card debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

18. Van Ru's dunning letter states that Cavalry is the current creditor on the debt and that $943.63 was the amount owed on the debt.

19. Van Ru's statement on behalf of Cavalry as to the amount owed on the debt is false because it includes interest or fees that Cavalry has neither a contractual nor a statutory right to charge and accrue.

20. JCC's dunning letter states that Cavalry is the current creditor on the debt and that $943.63 was the amount owed on the debt.

21. JCC's statement on behalf of Cavalry as to the amount owed on the debt is false because it includes interest or fees that Cavalry has neither a contractual nor a statutory right to charge and accrue.

22. On July 17, 2013, Ms. Cannon obtained a copy of her credit report from Equifax.

23. Ms. Cannon's Equifax credit report shows that the HSBC/Best Buy credit card account was charged off in the amount of $772.00.

24. Ms. Cannon's Equifax credit report further shows that Cavalry acquired the HSBC/Best Buy credit card debt in February of 2011.

25. Cavalry is falsely reported on Ms. Cannon's Equifax credit report that $808.00 was the original amount of the debt.

26. Cavalry falsely reported on Ms. Cannon's Equifax credit report that $944.00 was the amount owed on the debt as of July 2013.

27. So Cavalry added $172.00 in interest on the HSBC/Best Buy credit card debt in the 29 months between February 2011 and July 2013 or about $6.00 a month ($172.00/29 months),

which equates to $72.00 a year.

28. Assuming simple interest, this means that Cavalry accrued interest on Ms. Cannon's HSBC/Best Buy debt at rate of about 9.40% ($72.00/$772.00).

29. Upon information and belief, Cavalry had no legal right to charge and accrue interest on Ms. Cannon's HSBC/Best Buy credit card debt as reported on her Equifax credit report.

**Claims for Relief: Violation of the Fair Debt Collection Practices Act**

**I.    Claims against Cavalry SPV I, LLC**

30. The foregoing acts and omissions of Cavalry SPV I, LLC constitute violations of the FDCPA, including, but not limited to:

   **a.**    Violation of 15 U.S.C. §1692e(2)(A): Cavalry falsely represented the amount owed on the HSBC/Best Buy credit card debt by adding interest or fees to the debts that Cavalry had no legal right to collect from Ms. Cannon;

   **b.**    Violation of 15 U.S.C. §1692e(5): Cavalry attempted to collect interest on the HSBC/Best Buy credit card debt that Cavalry had no legal right to collect from Ms. Cannon thereby threatening to take an action that cannot legally be taken;

   **c.**    Violation of 15 U.S.C. §1692e(8): Cavalry reported false credit information to one or more consumer reporting agencies concerning the HSBC/Best Buy credit card debt by adding interest to the debt that Cavalry knew or should have known that it had no legal right to collect from Ms. Cannon;

   **d.**    Violation of 15 U.S.C. §1692e(10): Cavalry falsely represented the amount owed on the HSBC/Best Buy credit card debt by adding interest or fees to the debts that Cavalry had no legal right to collect from Ms. Cannon; and

   **e.**    Violation of 15 U.S.C. § 1692f(1): Cavalry attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the HSBC/Best Buy credit card debt that Cavalry had neither a contractual nor statutory right to collect.

**II.    Claims against Van Ru Credit Corporation**

31. The foregoing acts and omissions of Van Ru Credit Corporation constitute violations of the FDCPA, including, but not limited to:

   **a.**    Violation of 15 U.S.C. §1692e(2)(A): Van Ru falsely represented the amount owed on the HSBC/Best Buy credit card debt by adding interest or fees to the debt that neither Van Ru nor Cavalry had no legal right to collect from Ms. Cannon;

   **b.** Violation of 15 U.S.C. §1692e(5): Van Ru attempted to collect interest on the HSBC/Best Buy credit card debt that neither Van Ru nor Cavalry had no legal right to collect from Ms. Cannon thereby threatening to take an action that cannot legally be taken;

   **c.** Violation of 15 U.S.C. §1692e(10): Van Ru falsely represented the amount owed on the HSBC/Best Buy credit card debt by adding interest or fees to the debt that neither Van Ru nor Cavalry had no legal right to collect from Ms. Cannon; and

   **d.** Violation of 15 U.S.C. § 1692f(1): Van Ru attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the HSBC/Best Buy credit card debt that Van Ru had neither a contractual nor statutory right to collect.

**III.** **Claims against J.C. Christensen & Associates, Inc.**

  32. The foregoing acts and omissions of J.C. Christensen & Associates, Inc. constitute violations of the FDCPA, including, but not limited to:

   **a.** Violation of 15 U.S.C. §1692e(2)(A): JCC falsely represented the amount owed on the HSBC/Best Buy credit card debt by adding interest or fees to the debt that neither JCC nor Cavalry had no legal right to collect from Ms. Cannon;

   **b.** Violation of 15 U.S.C. §1692e(5): JCC attempted to collect interest on the HSBC/Best Buy credit card debt that neither JCC nor Cavalry had no legal right to collect from Ms. Cannon thereby threatening to take an action that cannot legally be taken;

   **c.** Violation of 15 U.S.C. §1692e(10): JCC falsely represented the amount owed on the HSBC/Best Buy credit card debt by adding interest or fees to the debt that neither JCC nor Cavalry had no legal right to collect from Ms. Cannon; and

   **d.** Violation of 15 U.S.C. § 1692f(1): JCC attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the HSBC/Best Buy credit card debt that JCC had neither a contractual nor statutory right to collect.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cathy Cannon requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs; and

4. Such other relief as may be just and proper.

       Respectfully submitted,

       /s/ James H. Lawson
       **James H. Lawson**
       *Lawson at Law, PLLC*
       4055 Shelbyville Road
       Suite B
       Louisville, KY 40207
       Tel:   (502) 473-6525
       Fax:   (502) 473-6561
       james@kyclc.com